```
                    UNITED STATES DISTRICT COURT
                      DISTRICT OF CONNECTICUT

------------------------------x
                              :
PUBLIC SERVICE INSURANCE CO.  :    Civil No. 3:15CV740(AWT)
                              :
v.                            :
                              :
MOUNT VIEW REALTY, LLC.,      :
et al.                        :    September 6, 2016
                              :
------------------------------x
```

**ORDER RE: MOTION TO COMPEL RESPONSES TO REQUESTS FOR PRODUCTION**

Pending before the Court is a motion to compel filed by defendant Mount View Realty, LLC. ("Mount View"), requesting production of documents and more responsive answers to certain interrogatories. See Doc. #66. This ruling is limited to the request for production of documents; the interrogatories will be addressed in a separate ruling. For the reasons set forth below, Mount View's Motion to Compel [Doc. #66] is hereby GRANTED, in part, as to the production of documents.

Mount View has moved to compel production of documents withheld by plaintiff Public Service Insurance Co. ("PSIC") pursuant to claims of both the attorney-client privilege and the work product privilege. PSIC provided a privilege log as required by Federal Rule of Civil Procedure 26(b)(5). After a conference on the record with counsel on September 2, 2016, the Court requested that PSIC provide the withheld documents to the

Court for in camera review. The Court has now reviewed those documents.

### A. Attorney-Client Privilege

The Court first addresses the two entries in the privilege log marked "Attorney/Client Privilege."

"A party invoking the attorney-client privilege must show (1) a communication between client and counsel that (2) was intended to be and was in fact kept confidential, and (3) was made for the purpose of obtaining or providing legal advice." In re County of Erie, 473 F.3d 413, 419 (2d Cir. 2007)(citing U.S. v. Const. Prod. Research, 73 F.3d 464, 473 (2d Cir. 1996)).

The two entries marked "Attorney/Client Privilege" bear the same date, April 28, 2015,[1] and are listed in the log as correspondence between PSIC and Attorney John Donovan at Sloane and Walsh, LLP, regarding a "disputed insurance claim." Although PSIC did not expressly claim in its privilege log either that the communications were intended to be and were kept confidential, or that the purpose of the communication was obtaining or providing legal advice, it is reasonable to infer under the circumstances that those requirements are met. Attorney John Donovan and Sloane and Walsh, LLP, are litigation

---

[1] As will become clear below, it is also relevant to the Court's evaluation that these communications are dated after April 23, 2015.

counsel for PSIC in this case. The complaint was filed on May 18, 2015. These communications occurred within the context of litigation and are protected by attorney-client privilege. Accordingly, with respect to those documents, Bates numbers 000001 and 000272, Mount View's motion is denied.

### B. Work Product Privilege

All other entries in PSIC's privilege log are claims of protection under the "Work Product Privilege." The work product privilege provides that generally, "a party may not discover documents and tangible things that are prepared in anticipation of litigation or for trial by or for another party or its representative." Fed. R. Civ. P. 26(b)(3). The privilege applies to any "materials obtained or prepared ... with an eye toward litigation." Hickman v. Taylor, 329 U.S. 495, 511 (1947). However, this protection does not "require the exclusion from evidence of all records which were made with some contemplation that they might be valuable in the event of litigation." U.S. v. New York Foreign Trade Zone Operators, 304 F.2d 792, 797 (2d Cir. 1962). Only documents created "because of anticipated litigation" may be protected by work product privilege. U.S. v. Adlman, 134 F.3d 1194, 1195 (2d Cir. 1998). Records and materials prepared in the ordinary course of business, or those which would have been "prepared in a substantially similar form" even without anticipation of litigation are not protected. MSF

Holding Ltd. v. Fiduciary Trust Co. Int'l, No. 03CV1818, 2005 WL 3046287 *1 (S.D.N.Y., Nov. 10, 2005) (citing Adlman, 134 F.3d at 1198).

In the insurance business, not all claim investigation is conducted "because of" anticipated litigation. Indeed, "it is the routine business of insurance companies to investigate and evaluate claims." AIU Ins. Co. v. TIG Ins. Co., No. 07CV7052(SHS)(HBP), 2008 WL 4067437, at *12 (S.D.N.Y. Aug. 28, 2008), modified on reconsideration, No. 07CV7052(SHS)(HBP), 2009 WL 1953039 (S.D.N.Y. July 8, 2009). "An insurer's decision to decline coverage is typically the point at which the ordinary course of business ends and the anticipation of litigation begins." Tudor Ins. Co. v. McKenna Assocs., No. 01CV0115(DAB)(JCF), 2003 WL 21488058, at *3 (S.D.N.Y. June 25, 2003). However, because "the very business of the producing party is to evaluate claims that may ultimately ripen into litigation[,]" the determination of what is prepared because of litigation is fact-specific. See QBE Ins. Corp. v. Interstate Fire & Safety Equip. Co., No. 3:07CV01883(SRU), 2011 WL 692982, *3 (D. Conn. Feb. 18, 2011) (quoting Weber v. Paduano, No. 02CV3392(GEL), 2003 WL 161340 (S.D.N.Y. Jan. 22, 2003)).

> This is not to say that the work product doctrine may not properly be invoked as to a claim-related document created by an insurance company. In the context of insurance company cases it has been recognized that at a certain point an insurance company's activity shifts

>from the ordinary course of business to anticipation of litigation. The relevant inquiry is when the insurance company shifted its focus from collecting information and evaluating a claim to preparation for a lawsuit.

Selective Ins. Co. of Am. v. Swarey, No. 07CV6324, 2011 WL 240750, at *2 (W.D.N.Y. Jan. 24, 2011) (internal quotation marks and citations omitted).

In this case, PSIC commissioned a report by Cotter Engineering, Inc., regarding the cause of the loss at issue. That report is dated March 13, 2015. A copy of the report was produced by PSIC in discovery and bears a date stamp of March 24, 2015, which appears to be the date on which it was received by PSIC. However, the withheld documents reviewed by the Court in camera reveal that PSIC did not immediately decide to decline coverage after receipt of the report, and did not immediately anticipate that litigation would ensue. Rather, PSIC appears to have evaluated the engineering report and determined that coverage would be disputed -- thus signaling the anticipation of litigation -- in discussions occurring between April 23, 2015, and April 27, 2015. On April 27, 2015, PSIC made a referral to "coverage counsel" to assist it in determining how to proceed, including, potentially, denial of the claim.

Therefore, the Court concludes that PSIC became aware of the potential for commencement of an adversarial proceeding, and thereby anticipated litigation, starting on April 23, 2015.

Accordingly, Mount View's motion to compel is denied with respect to any work product materials dated on or after April 23, 2015.[2] With respect to the remaining entries in the privilege log, that is, those marked as protected by work product privilege and dated before April 23, 2015,[3] PSIC has not made any showing that these documents were prepared in anticipation of litigation rather than in the ordinary course of business. Mount View's claim under the insurance policy had not yet been denied; PSIC had not yet referred the claim to "coverage counsel"; and PSIC's investigation was being conducted in the ordinary course of business. PSIC has made no contrary showing, and the Court finds no basis to believe that PSIC anticipated litigation as required to trigger work product protection prior to April 23, 2015.

For the reasons discussed herein, Mount View's motion is hereby **GRANTED**, to the extent it requests production of documents previously withheld under the work product privilege, for those documents dated prior to April 23, 2015. Mount View's

---

[2] Documents dated on or after April 23, 2015, as to which PSIC claims work product protection include Bates numbers 000342-47; and those items on 000460 dated on or after April 23, 2015.

[3] Documents dated before April 23, 2015, as to which PSIC claims work product protection include Bates numbers 000072-77; 000308-13; 000273-75; 000297; 000335-37; 000352-54; 000366-69; 000379-81; 000387-91; 000392-97; 000456-59; 000461-64; and those items on 000460 dated before April 23, 2015.

motion is **DENIED,** to the extent it requests production of documents withheld under the attorney-client privilege, and as to those documents withheld under the work product privilege dated April 23, 2015, and later.

PSIC provided the documents in question to the Court electronically earlier today. Accordingly, there should be no reason for delay in providing them to Mount View. PSIC shall produce the documents to Mount View **by the close of business on September 7, 2016.** It is so ordered.

This is not a Recommended Ruling. This is an order regarding case management which is reviewable pursuant to the "clearly erroneous" statutory standard of review. 28 U.S.C. §636(b)(1)(A); Fed. R. Civ. P. 72(a); and D. Conn. L. Civ. R. 72.2. As such, it is an order of the Court unless reversed or modified by the District Judge upon motion timely made.

SO ORDERED at New Haven, Connecticut, this 6th day of September 2016.

/s/
HON. SARAH A. L. MERRIAM
UNITED STATES MAGISTRATE JUDGE