```
                  UNITED STATES DISTRICT COURT
                    DISTRICT OF CONNECTICUT

------------------------------x
                              :
PUBLIC SERVICE INSURANCE CO.  :    Civil No. 3:15CV740(AWT)
                              :
v.                            :
                              :
MOUNT VIEW REALTY, LLC,       :
et al.                        :    September 7, 2016
                              :
------------------------------x
```

### ORDER RE: MOUNT VIEW'S MOTION TO COMPEL

Pending before the Court is a Motion to Compel filed by defendant Mount View Realty, LLC, ("Mount View") requesting production of documents and more responsive answers to certain interrogatories by plaintiff Public Service Insurance Co. ("PSIC"). See Doc. #66. The Court has previously filed an order addressing the portion of the motion related to document production. See Doc. #119. This order addresses the portion of the motion related to interrogatory responses. For the reasons set forth below, Mount View's Motion to Compel [Doc. #66] is hereby GRANTED, in part, and DENIED, in part.

This order addresses the requests in Mount View's motion to compel seeking "more responsive answers to certain interrogatories." Doc. #66 at 2. Mount View asserts that "PSIC's answers are inadequate" as to Interrogatories 4, 12, and 13 and that PSIC "did not provide any answer at all" to Interrogatories

14, 15, 16, and 20. Doc. #67 at 10. The Court will address each challenged interrogatory in turn.

## I. Legal Standard

As an initial matter, this action was filed by PSIC "for the purpose of determining the parties' respective rights and obligations" under the relevant insurance policy. Doc. #1 at 1. Accordingly, evidence relating to PSIC's standard policies and construction of terms is discoverable.

Rule 26(b)(1) of the Federal Rules of Civil Procedure sets forth the scope and limitations of permissible discovery:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b)(1). "The party resisting discovery bears the burden of showing why discovery should be denied." Cole v. Towers Perrin Forster & Crosby, 256 F.R.D. 79, 80 (D. Conn. 2009). The objecting party's burden is to "demonstrate specifically how, despite the broad and liberal construction afforded the federal discovery rules, each request is not relevant or how each question is overly broad, burdensome or oppressive by submitting affidavits or offering evidence

revealing the nature of the burden." Ghawi v. Law Offices of Howard Lee Schiff, No. 3:13CV00115(JBA)(JGM), 2015 WL 2374577, at *3 (D. Conn. May 18, 2015) (internal citation and alterations omitted). "A conclusory assertion of burdensomeness is entitled to no weight whatsoever." Cris v. Fareri, No. 3:10CV01926(RNC)(DFM), 2011 WL 4433961, at *1 (D. Conn. Sept. 22, 2011) (internal quotation marks and citation omitted) (collecting cases).

    PSIC's brief in opposition to the motion to compel makes a blanket argument that the information sought by the challenged interrogatories is "wholly irrelevant" and constitutes a "fishing expedition." Doc. #86 at 5. The Court disagrees. The interrogatories generally seek information that would assist Mount View in understanding how PSIC interprets the relevant policy provisions. "In order to interpret the Policy, [Mount View] is entitled to explore what risks [PSIC] expected to cover when it used terms similar to those in the Policy." Pentair Water Treatment (OH) Co. v. Cont'l Ins. Co., No. 08CV3604(BSJ)(JCF), 2009 WL 3817600 (S.D.N.Y. Nov. 16, 2009). Information regarding particular policy terms and their interpretation by an insurer is relevant and discoverable. See Thompson v. Nat'l Union Fire Ins. Co. of Pittsburgh, Pa., No. 3:14CV00259(WWE), 2015 WL 753721, at *4 (D. Conn. Feb. 23, 2015).

"[W]hile the intent of the parties with respect to an insurance policy is generally derived from the four corners of the policy, a court also may consider extrinsic evidence to ascertain the intent of the parties, if the terms of the insurance policy are reasonably susceptible to more than one interpretation, which renders the terms to be ambiguous." Hartford Roman Catholic Diocesan Corp. v. Interstate Fire & Cas. Co., 297 F.R.D. 22, 30 (D. Conn. 2014), objections overruled, No. 3:12CV1641(JBA), 2015 WL 164069 (D. Conn. Jan. 13, 2015) (internal citations and quotation marks omitted). This case concerns a dispute regarding the proper interpretation of a "water leakage" exclusion. Evidence that would illuminate the meaning of that exclusion is relevant and discoverable.

## II. Interrogatory 4

Mount View's Interrogatory 4 requests that plaintiff provide additional information regarding answers provided in response to Interrogatory 3.

> **Interrogatory No. 4:**
> Identify the underwriting rules or requirements or guidelines in effect for insuring multi-unit residential apartment buildings in Connecticut that applied to Mount View's building at the time of issuance of each policy identified in response to Interrogatory 3.

Doc. #67-2 at 12. In response to Interrogatory 3, PSIC identified (or at least conceded the existence of) three insurance policies issued to defendant with effective dates of

August 16, 2012; August 16, 2013; and August 16, 2014. Interrogatory 4 is limited to matters specifically pertaining to Mount View's covered property, and to these dates.

PSIC responds with a litany of general objections, and the assertion that it would be "impossible to state with precision all 'underwriting rules or requirements or guidelines' in effect in Connecticut[.]" Doc. #86 at 6. PSIC's response further asserts that PSIC's "Underwriting Department would have applied and considered various factors/guidelines" with regard to Mount View's property. Doc. #67-2 at 13.

> **Response No. 4:**
> Objection. This interrogatory is overly broad, unduly burdensome, and ambiguous. This interrogatory seeks information outside the scope of permissible discovery, including attorney-work product, attorney-client communications, information of material prepared in anticipation of litigation and other information similarly privileged. Further, the interrogatory seeks the plaintiff to obtain information which is beyond the scope of its obligations under the Federal Rules of Civil Procedure and the local rules of the District of Connecticut. The plaintiff refers the defendant to the underwriting documents produced in response to the defendant's request for production of documents, pursuant to Fed. R. Civ. P. 33(c).
>
> And further answering, the Plaintiff states that it is impossible to state with precision all "underwriting rules or requirements or guidelines" in effect in Connecticut. The plaintiff's Underwriting Department would have applied and considered various factors/guidelines in its underwriting process including, but not limited to: value of the property; construction materials used in the property; potential hazards surrounding or within the property; age of the property; use of the property; security measures and other loss control measures associated with the

>property; upkeep of the property; location of the property; current insurance in force on the property; and prior losses associated with the property.
>
>The plaintiff reserves the right to supplement the Answer to this Interrogatory upon completion of discovery.

Doc. #67-2 at 12-13.

As noted above, "[t]he underwriting file is relevant to determining the risks that [PSIC] expected to cover in the policy, how it interpreted the various policy terms, and whether the terms of the policy are ambiguous in the first instance." Thompson, 2015 WL 753721, at *4 (internal citations and quotation marks omitted). PSIC's answer is nonresponsive. PSIC has not met its burden and the Court does not agree that the interrogatory is overly broad, unduly burdensome, or ambiguous; that it implicates any privilege; or that it is beyond the scope of permissible discovery. It is in fact narrowly focused on a particular time frame and on only those underwriting rules that applied to the particular policies listed. Accordingly, Mount View's motion is granted with respect to Interrogatory 4.

The Court also notes that PSIC's response "refers the defendant to the underwriting documents produced ... pursuant to Fed. R. Civ. P. 33(c)." Doc. #67-2 at 12. Reference to documents already produced is permitted, but a general reference to documents is insufficient. See Synventive Molding Solutions v. Husky Injection Molding Sys., 262 F.R.D. 365, 378 (D. Vt. 2009)

(holding that Bates numbers must be provided when responding pursuant to Rule 33(d)). To the extent plaintiff seeks to rely on documents in response to this (or any other) interrogatory, it must provide the Bates numbers of the particular documents that provide the response.

### III. Interrogatories 12 and 13

Mount View's interrogatories 12 and 13 are similar to each other, and PSIC's responses to them are virtually identical.[1]

**Interrogatory No. 12**:

> Identify any insurance policy forms used by PSIC with policyholders other than Mount View at any time between January 1, 2004 and the date of PSIC's complaint against Mount View that contains language with the same meaning and effect as the "water leakage exclusion with anti-concurrent causation language" referenced in the Complaint.

Doc. #67-2 at 20 (emphasis in original).

**Interrogatory No. 13**:

> Identify any insurance policy forms used by PSIC with policy holders other than Mount View at any time between January 1, 2004 and the date of PSIC's complaint against Mount View that contains language with the same meaning and effect as the "continuous or repeated seepage or leakage of water that occurred over a period of 14 days or more" referenced in the Complaint.

Doc. #67-2 at 20 (emphasis in original).

---

[1] The sole difference is that an additional relevance objection is posed to Interrogatory 13. The Court has addressed relevance issues already and finds that this objection is not well-founded. Materials concerning the water leakage language referenced in the complaint are certainly relevant here.

**Answer No. 12:**

>Objection. This interrogatory is overly broad, unduly burdensome, and ambiguous. This interrogatory is also confusing to the extent that it does not set forth any definition or scope for the referenced terms "meaning" or "effect." This interrogatory seeks information outside the scope of permissible discovery, including attorney-work product, attorney-client communications, information of material prepared in anticipation of litigation and other information similarly privileged. Further, the interrogatory seeks the plaintiff to obtain information which is beyond the scope of its obligations under the Federal Rules of Civil Procedure and the local rules of the District of Connecticut. Notwithstanding this objection and without waiving the same, the plaintiff states:
>
>This dispute involved an insurance policy which contained standardized insurance forms issued by ISO. The plaintiff used the same, standardized insurance forms in connection with other insurance policies.

Doc. #67-2 at 20.

**Answer No. 13:**

>Objection. This interrogatory is overly broad, unduly burdensome, and ambiguous. This interrogatory seeks information that is not relevant to any issue in this case. This interrogatory is also confusing to the extent that it does not set forth any definition or scope for the referenced terms "meaning" or "effect." This interrogatory seeks information outside the scope of permissible discovery, including attorney-work product, attorney-client communications, information of material prepared in anticipation of litigation and other information similarly privileged. Further, the interrogatory seeks the plaintiff to obtain information which is beyond the scope of its obligations under the Federal Rules of Civil Procedure and the local rules of the District of Connecticut. Notwithstanding this objection and without waiving the same, the plaintiff states:
>
>This dispute involved an insurance policy which contained standardized insurance forms issued by ISO.

>      The plaintiff used the same, standardized insurance
>      forms in connection with other insurance policies.

Doc. #67-2 at 21.

To the extent PSIC argues that information responsive to these requests might implicate confidentiality agreements, the Court finds these arguments unpersuasive. No particular agreement that might be violated has been identified. PSIC's objections on attorney-client privilege and work product grounds are similarly misplaced; as discussed in the Court's ruling on the motion to compel the production of documents, investigation of insurance claims is not protected by these privileges until and unless there is some basis to anticipate litigation. See Doc. #119. Indeed, PSIC's paragraph of boilerplate objections that do not appear applicable to these interrogatories presents the impression that PSIC asserted general objections rather than considering the merits of these particular interrogatories. Again, PSIC has not met its burden of showing that Mount View's interrogatories are improper.

PSIC's responses to Interrogatories 12 and 13 are inadequate. Indeed, the objections lodged contradict the responses provided. The responses state that the policy at issue "contained standardized insurance forms issued by ISO" and that PSIC "used the same, standardized insurance forms in connection with other insurance policies." Doc. #67-2 at 20, 21. As

discussed during the conference on September 2, 2016, if PSIC uses standard forms, it should be a simple matter to identify and provide those forms to Mount View. Accordingly, defendant's motion is granted with respect to Interrogatories 12 and 13.

**IV.  Interrogatories 14, 15 and 16**

It appears that PSIC believes it has no obligation to respond to Interrogatories 14, 15 and 16, perhaps because of its objections to Interrogatories 12 and 13. The primary objection actually lodged in response to the interrogatories is that these requests are "overly broad, unduly burdensome, and ambiguous." Doc. #67-2 at 21. However, PSIC asserts a new objection in its brief in opposition to the motion to compel, which it describes as "even more concerning," that is, the possibility that identifying prior disputes arising out of similar policy language would implicate confidentiality agreements. Doc. #86 at 9. The interrogatories request information only about arbitration proceedings or lawsuits actually commenced, and about PSIC's positions in those arbitrations or lawsuits as to the interpretation of the relevant policy provisions. The Court sees no obvious basis for concern regarding confidentiality. The Court also sees no basis for an assertion that these requests are ambiguous, as they use language employed by PSIC in the Complaint, see Doc. #1 at ¶¶ 1, 22, 23, and PSIC has represented that it always uses form complaints.

The Court agrees that, as framed, the interrogatories are overly broad as to time. Accordingly, the Court will grant Mount View's motion only in part. PSIC must disclose any arbitration proceeding or lawsuit brought by or against PSIC from January 1, 2012, to the present, in which coverage under, or interpretation of, language identical to or with the same meaning as "continuous or repeated seepage or leakage of water that occurred over a period of 14 days or more" or "water leakage exclusion with anti-concurrent causation language" was at issue.[2] As to each such arbitration proceeding or lawsuit identified, PSIC shall identify any documents or testimony known to PSIC regarding PSIC's interpretation or application of this language, and any decisions rendered by any court or arbitrator interpreting the language.

**V.   Interrogatory 20**

Interrogatory 20 requests information relating to other cases in which PSIC has "refused to participate in appraisal" on certain grounds. Doc. #67-2 at 24. When these interrogatories were propounded, there was an open dispute regarding whether or not the parties to this case would participate in appraisal

---

[2] As PSIC contends that it used form language in all of its policies, the Court presumes that there will be no need to evaluate whether particular provisions have "the same meaning" in different policies because identical form language will have been used.

proceedings. There have been disputes regarding the appointment of appraisers, the selection of an umpire, the parameters of the appraisal proceeding, and the need for an inspection of the affected property. However, at this time, the parties' appraisers and umpire are in place, and the process is underway. Accordingly, there no longer appears to be a need for inquiry into this matter. However, counsel for Mount View represented in a conference today that a counterclaim remains to be addressed alleging that PSIC breached its contract with Mount View by failing to engage in the appraisal process. Accordingly, this request is denied, without prejudice to renewal.

## VI. Conclusion

For the reasons set forth herein, Mount View's motion is hereby GRANTED, in part. PSIC shall provide supplemental responses to Mount View's interrogatories as directed herein immediately, but in no event later than 12:00 p.m. on September 9, 2016. The Court notes that it advised counsel for PSIC during the September 2, 2016, conference, and again during today's conference, that it should expect to be required to provide information regarding the "form policies" referenced in its prior responses, and to provide specific Bates numbers for any documents on which its interrogatory responses purport to rely.

This is not a Recommended Ruling. This is an order regarding case management which is reviewable pursuant to the

"clearly erroneous" statutory standard of review. See 28 U.S.C. §636(b)(1)(A); Fed. R. Civ. P. 72(a); and D. Conn. L. Civ. R. 72.2. As such, it is an order of the Court unless reversed or modified by the District Judge upon motion timely made.

SO ORDERED at New Haven, Connecticut, this 7th day of September 2016.

/s/
HON. SARAH A. L. MERRIAM
UNITED STATES MAGISTRATE JUDGE